# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP1439-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Carl H. Creedy, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |     v. |
| | Carl H. Creedy, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CREEDY

| | |
|---|---|
| OPINION FILED: | October 14, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP1439-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Carl H. Creedy, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Carl H. Creedy,**

        **Respondent.**

**FILED**

OCT 14, 2014

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.   Pending before the court is the report of referee James W. Mohr, Jr., rendered following a hearing and receipt of a stipulation filed after the respondent, Attorney Carl H. Creedy, opted to plead no contest pursuant to Supreme Court Rule (SCR) 22.14.[1]  The referee recommends that this court

_____

[1] SCR 22.14(2) states:

> The respondent may by answer plead no contest to allegations of misconduct in the complaint. The

(continued)

publicly reprimand Attorney Creedy for professional misconduct. No appeal has been filed so we review this matter pursuant to SCR 22.17(2).[2] We also consider Attorney Creedy's objection to the request by the Office of Lawyer Regulation (OLR) for imposition of full costs, which total $17,801.64 as of May 21, 2014. See SCR 22.24.

¶2 We approve and adopt the referee's findings and conclusions and we agree that a public reprimand is sufficient discipline for Attorney Creedy's misconduct. We further order that Attorney Creedy pay one-half the costs of this disciplinary proceeding. Restitution is not an issue in this matter.

¶3 Attorney Creedy was admitted to the practice of law in Wisconsin in 1980. He practiced law in Orfordville, Wisconsin at the time of the filing of the complaint, and now practices in Janesville, Wisconsin. He has no previous disciplinary history.

---

referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

[2] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶4 Most of the allegations in the OLR's complaint involve Attorney Creedy's business relationship with a client named Joseph Murphy. Murphy, who is not an attorney, created a company called American Disability Entitlements LLC, intended to represent claimants in Social Security disability matters. Social Security laws and procedures permit nonlawyers to represent such claimants. Murphy learned that if an attorney provides similar services, the attorney can have fees paid directly to the attorney by the Social Security Administration out of any award. Murphy approached Attorney Creedy to see if they could work together representing disability claimants in order to ensure receipt of any fees.

¶5 Murphy and Attorney Creedy both represented claimants before the Social Security Administration. They would discuss and mutually agree upon a fair division of fees. They did not have a written agreement.

¶6 Murphy was routinely accepting unlawful fee advances, a practice prohibited by applicable Social Security rules and procedures. The parties disputed whether Attorney Creedy knew that Murphy was routinely accepting unlawful fee advances.

¶7 Attorney Creedy maintained that he first learned this was occurring in March of 2010, when an attorney representing a claimant advised Attorney Creedy that the claimant had been improperly assessed two fees: one paid by the claimant directly to Murphy, and another later paid to Attorney Creedy by the Social Security Administration. Upon receiving and confirming this information, Attorney Creedy promptly refunded one set of

3

fees to the claimant. He then began dissolving the business arrangement with Murphy.

¶8 Meanwhile, law enforcement was investigating Murphy in connection with a variety of matters. Attorney Creedy voluntarily met and provided law enforcement with some information about Murphy.

¶9 On June 27, 2013, the OLR filed an eight-count complaint against Attorney Creedy seeking a four-month suspension of his license to practice law. Attorney Creedy filed an answer and the court appointed the referee, who conducted an evidentiary hearing in February 2014.

¶10 After the hearing, the parties executed a stipulation whereby the OLR voluntarily dismissed Counts Four, Five, and Seven of the Complaint. The OLR also dismissed its allegation that Attorney Creedy violated two subsections of the supreme court rule alleged in Count Three. Attorney Creedy withdrew his answer and pled no contest to the remaining allegations of misconduct: Counts One, Two, Six, and Eight, and the remaining two supreme court rule subsections in Count Three.

¶11 Our rules provide that where, as here, a respondent pleads no contest to allegations of misconduct pursuant to SCR 22.14, the referee shall make a determination of misconduct in respect to each allegation to which no contest is pled and for which the referee finds an adequate factual basis in the record. The referee rendered a thorough and thoughtful report in which he summarized the evidence from the hearing and made detailed factual findings and conclusions.

4

¶12 As relevant to this matter, the referee explicitly stated that he found Attorney Creedy to be both credible and professional. He believed that Attorney Creedy was unaware that Murphy was improperly accepting advance fees until confronted by a claimant's lawyer in March 2010. He deemed Murphy to be a less than credible witness, noting that Murphy is currently serving time for felony convictions related to a variety of fraud-related transactions. Moreover, the referee observed that "it was clear that [Murphy] had personal animosity toward [Attorney] Creedy and went out of his way to express that animosity."

¶13 We summarize the referee's findings and conclusions. Count One of the OLR's complaint involves Attorney Creedy's resolution of a fee issue where a conflict of interest existed between Attorney Creedy, Murphy, and a Social Security claimant. The facts pertaining to this charge are undisputed. Murphy took unauthorized advance fees from a Social Security disability claimant, a practice prohibited by the Social Security Administration. Attorney Creedy was counsel of record for the claimant at the time. Additional fees were then paid to Attorney Creedy as part of the ensuing Social Security disability award. When Attorney Creedy learned, from the claimant's attorney, that Murphy had already received an advance fee, Attorney Creedy promptly agreed, on behalf of Murphy, to refund the advance fees that Murphy had taken improperly.

¶14 The problem with this decision is that, as the referee found, Attorney Creedy had a concurrent conflict of interest,

5

because Murphy was both a business partner and a client of Attorney Creedy. As such, Attorney Creedy's representation of one client (the Social Security claimant) was directly adverse to the other client (Murphy). Attorney Creedy admits he did not get informed consent, confirmed in writing, signed by either of his clients as required by court rule. The OLR alleged, Attorney Creedy stipulated, and the referee agreed that the record evidence supported a conclusion that Attorney Creedy violated SCR 20:1.7(a).[3] The referee noted, however, that despite having failed to obtain a written, informed consent, Attorney Creedy nevertheless acted entirely properly in refunding the excess fees to the Social Security claimant almost immediately.

¶15 Count Two of the complaint relates to Attorney Creedy's failure to comply with supreme court rules,

---

[3] SCR 20:1.7(a), as relevant here, states:

[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

6

specifically in violation of SCR 20:1.8(a),[4] in the manner in which he entered the business arrangement with Murphy to represent Social Security claimants.  It is undisputed that Attorney Creedy never disclosed, in writing, the terms upon which the business relationship was based, never advised Murphy in writing of the desirability of seeking the advice of independent legal counsel on the transaction, and never obtained written, informed consent from Murphy to the essential terms of the transaction and to Attorney Creedy's role in the transaction.

¶16 The referee noted that it was apparent that Murphy was a sophisticated business person, but this does not excuse

---

[4] SCR 20:1.8(a) states:

A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

failure to comport with the requirements of the rule. Accordingly, the OLR alleged, Attorney Creedy stipulated, and the referee agreed that the record evidence supported a conclusion that Attorney Creedy violated SCR 20:1.8(a).

¶17 In Count Three, the OLR alleged that Attorney Creedy violated SCR 20:5.4(a), (b), (c), and (d), which generally prohibit a lawyer from partnering and/or sharing legal fees with a nonlawyer. The allegations regarding SCR 20:5.4(c) and (d) were subsequently voluntarily dismissed by the OLR. As to the two remaining subsections, the referee concluded that the OLR had failed to establish that Attorney Creedy violated SCR 20:5.4(a)[5] because federal law permits nonlawyers to

---

[5] SCR 20:5.4(a) states:

A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

(1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;

(2) a lawyer who purchases the practice of a deceased, disabled, or disappeared lawyer may, pursuant to the provisions of SCR 20:1.17, pay to the estate or other representative of that lawyer the agreed-upon purchase price;

(3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement; and

(4) a lawyer may share court-awarded legal fees with a nonprofit organization that employed, retained or recommended employment of the lawyer in the matter.

represent individuals in Social Security disability claims and to receive fees as payment for their services. The Social Security Administration designates these payments as "fees," not necessarily "legal fees." The referee further noted that federal law permits such representation by nonlawyers, and concluded that the OLR failed to establish that Attorney Creedy violated SCR 20:5.4(b).[6] The OLR has not appealed this recommendation and we accept it.

¶18 The OLR voluntarily dismissed Counts Four and Five of its complaint.

¶19 Count Six of the OLR's complaint alleged that Attorney Creedy failed to adequately supervise Murphy, a nonlawyer, thereby violating SCR 20:5.3(a) and (b).[7] The OLR's complaint

---

[6] SCR 20:5.4(b) states that "[a] lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law."

[7] SCR 20:5.3(a) and (b) state:

With respect to a nonlawyer employed or retained by or associated with a lawyer:

(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; . . . .

focused on a specific incident in which, as outlined in the referee's report, it was unclear who would represent the claimant before a Social Security tribunal: Attorney Creedy or Murphy. Attorney Creedy could not reach Murphy to resolve that question, and therefore prepared to go to the hearing to represent the claimant. As it turned out, Murphy appeared at the hearing and the claimant opted to proceed with Murphy as her representative. The referee found that there "is no evidence in the record that Murphy did anything unprofessional or incompetent in the hearing" and, as such, the referee found no evidence that Attorney Creedy failed to supervise Murphy in violation of SCR 20:5.3(a) and (b).

¶20 Indeed, the referee observed that several witnesses testified that, generally, Murphy had a good reputation and worked diligently on behalf of Social Security claimants. The one notable exception was Murphy's taking of unauthorized advance fee payments from clients, but the referee found credible Attorney Creedy's assertion that he did not know Murphy was doing this until March of 2010. Thus, the referee concluded that the OLR had failed to demonstrate that Attorney Creedy failed to supervise Murphy as alleged in Count Six.

¶21 The OLR voluntarily dismissed Count Seven.

¶22 In Count Eight, the OLR alleged that Attorney Creedy violated SCR 20:1.8(b)[8] by providing information obtained in the course of his representation of Murphy to the disadvantage of Murphy, without Murphy's consent. It is undisputed that the Green County District Attorney's Office and the Monroe Police Department investigated Murphy. Attorney Creedy met with these entities and provided certain information that was adverse to Murphy, without obtaining Murphy's informed consent. The investigation into Murphy's conduct ultimately led to felony charges and convictions of Murphy. Accordingly, the OLR alleged, Attorney Creedy stipulated, and the referee concluded that by providing information obtained in the course of his representation of Murphy to the Green County District Attorney's Office and the Monroe Police Department to the disadvantage of Murphy, without obtaining Murphy's informed consent, Attorney Creedy violated SCR 20:1.8(b).

¶23 Initially the OLR sought a four-month suspension but, following the evidentiary hearing, the parties submitted a joint stipulation agreeing that a public reprimand was sufficient. The referee observed that there was no evidence that any member of the public, other than perhaps Murphy, was harmed by Attorney Creedy's conduct, and characterized any harm to Murphy as <u>de minimus</u> and the proven ethical violations as technical. Indeed,

---

[8] SCR 20:1.8(b) states that "[a] lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these rules."

the referee commented that a private reprimand might have been a sufficient sanction. However, he accepted the parties' stipulation and recommends that this court impose a public reprimand.

¶24 The only remaining dispute involves whether the court should impose the full costs of this proceeding on Attorney Creedy. The OLR seeks imposition of all costs, which total $17,801.64 as of May 21, 2014. Attorney Creedy filed a timely objection, arguing that no costs should be imposed.[9]

¶25 As stated in SCR 22.24(1m),

> The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In some cases the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. In exercising its discretion regarding the assessment of costs, the court will consider the statement of costs, any objection and reply, the recommendation of the referee, and all of the following factors:
>
> (a) The number of counts charged, contested, and proven.

---

[9] Attorney Creedy has also filed a motion asking the OLR to produce, for this court's in camera review, a list of all grievances filed by Murphy against any attorney or judge. Attorney Creedy claims that such information could allow this court to determine whether the OLR considered "numerous unfounded grievances" filed by Murphy when the OLR pursued the instant disciplinary proceeding against Attorney Creedy. The OLR opposes Attorney Creedy's motion, citing SCR 22.40 (Confidentiality) and asserting that "whether Mr. Murphy has or has not filed previous grievances with OLR is irrelevant." We can resolve the allocation of costs without any need to consider the information Attorney Creedy seeks. Accordingly, the motion is denied.

(b) The nature of the misconduct.

(c) The level of discipline sought by the parties and recommended by the referee.

(d) The respondent's cooperation with the disciplinary process.

(e) Prior discipline, if any.

(f) Other relevant circumstances.

¶26 The referee carefully considered each of these criteria and recommended, both before and after the filing of Attorney Creedy's objection, that Attorney Creedy should pay one-half of the costs of the proceedings. The referee was mindful that only three of the eight counts were proven. His statements regarding imposition of costs are telling:

> I have considered the submissions of the parties and the record in this proceeding. Although I am a staunch supporter of OLR and of the attorney disciplinary process in this state, I have to confess that I find the requested imposition of almost $18,000 in costs to be extraordinarily large. As I wrote in my original Decision, I felt Respondent was "both professional and credible" in his appearance and testimony before me. (Decision, p. 6). I thought he acted properly in promptly returning one set of fees to a client as soon as he learned of it and verified it (Ibid., p. 9, 10). I found no evidence that his other two violations harmed either a client or the public.

¶27 The referee reminds the court that "[a]s noted in my original Decision, it did not appear to me that [Attorney] Creedy's conduct evidenced any disrespect for the legal system, or for the rights of members of the public. The violations of the Supreme Court Rules were by no means flagrant." He notes further that Attorney Creedy cooperated fully with the

13

disciplinary process. We agree with the referee's assessment and we direct Attorney Creedy to pay one-half of the costs of this proceeding.

¶28 IT IS ORDERED that Attorney Carl H. Creedy is publicly reprimanded for professional misconduct.

¶29 IT IS FURTHER ORDERED that within 60 days of the date of this order, Carl H. Creedy shall pay to the Office of Lawyer Regulation one-half the costs of this proceeding.